OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Buurma Farms, Inc., Appellant, v. Industrial
Commission of Ohio et al., Appellees.
[Cite as State ex rel. Buurma Farms, Inc. v. Indus. Comm.
(1994),      Ohio St.3d     .]
Workers' compensation -- Industrial Commission does not abuse
     its discretion in finding that a claimant injured on a
     farm was injured in a workshop, when -- Ohio Adm.Code
     4121:1-5-01(A), applied.
     (No. 93-799 -- Submitted February 22, 1994 -- Decided
April 27, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-76.
     On October 8, 1985, appellee-claimant, Della C. Lybarger,
severely injured her right hand in the course of and arising
from her employment with appellant, Buurma Farms, Inc.
Claimant was moving vegetables from a tank to a conveyor belt
when the conveyor's unguarded drive belt caught her jacket.
When she tried to manually free her jacket, the drive belt
caught claimant's glove and pulled her hand into the machine.
It is undisputed that the closest shutoff switch was
approximately ten feet from claimant's work station.  It is
also undisputed that the conveyor belt had no guarding or other
protection.
     After her workers' compensation claim was allowed,
claimant sought additional compensation, alleging that
appellant violated six specific safety requirements ("VSSRs").
An Industrial Commission staff hearing officer found violations
of Ohio Adm. Code 4121:1-5-05(C)(2) (conveyors must have power
shutoff at contact points) and (C)(4) (conveyor pinch points
must be guarded).  The findings were confirmed by the
commission.  Appellant's motion for rehearing was granted based
"* * * on a mistake of law.  Under prior decision of the
Commission, a farm is not considered a workshop or factory [for
purposes of Ohio Adm. Code (Chapter) 4121:1-5 applicability]."
     On rehearing, a different staff hearing officer found
violations of Ohio Adm. Code 4121:1-5-05(C)(2) and (4) and
4121:1-5-05(D)(1) (power shutoffs must be within easy reach of
machine operator).  The staff hearing officer also clarified

Ohio Adm. Code Chapter 4121:1-5's applicability.  The staff hearing officer did not find that the farm, in and of itself, constituted a "workshop," but instead found that claimant was injured in a "workshop" located on the farm:

"* * * The [Franklin County Appellate] Court in State ex rel. York Temple Country Club v. Industrial Commission of Ohio [(Ap. 18, 1985), Franklin App. No. 84AP-818, unreported] relied on Black's Law Dictionary to find [that a 'workshop' is] '* * * a room or place where power driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise.'  The location of claimant's accident was in a place, a 3 sided building with a permanent roof, concrete floor and ceiling light fixtures where power driven machinery was employed.  Essentially the court was looking toward an enclosure in which the accident occurred.  [Ohio Adm. Code Chapter] 4121:1-5 further applies here because the nature of claimant's employment was not in an open boundless field, but within specific boundaries of a fixed building which contained a conveyor to pack and load products which were the end result of farm labors."  (Emphasis added.)  The findings were confirmed by the commission.  Further rehearing was denied.

Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in finding VSSRs.  Appellant did not dispute that the machinery in question did not comply with the cited regulations.  Appellant instead asserted that the specific safety requirements did not apply to farms such as appellant's.  The appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Jack L. Johnson, for appellant.

Lee I. Fisher, Attorney General, and Jetta Mencer, Assistant Attorney General, for appellee Industrial Commission.

Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin and William J. Melvin, for appellee Lybarger.

Per Curiam.  Ohio Adm. Code 4121:1-5-01(A) states in part:

"* * * The specific requirements of this code are requirements upon an employer for the protection of such employer's employees and no others and apply to all workshops and factories subject to the Workers' Compensation Act * * *."

In alleging specific safety requirement inapplicability, appellant asserts that a farm is neither a workshop nor a factory.  Appellant, however, misinterprets the commission's decision.  The commission, contrary to appellant's representation, did not broadly rule that appellant's farm was a "workshop."  It found that the farm contained a particular building that was a "workshop."  Limiting our review to this narrower finding, we discern no abuse of discretion.

"Workshop" has not been defined statutorily, administratively or judicially by this court.  As such, it must "be read in context and construed according to the rules of grammar and common usage."  R.C. 1.42 and 1.41.  Black's Law Dictionary (4 Ed. Rev. 1968) 1781, defines "workshop":

"Within Workmen's Compensation Acts, a room or place wherein power-driven machinery is employed and manual labor is

exercised by way of trade for gain or otherwise."

Appellant does not dispute that claimant worked in a room where power-driven machinery was used and manual labor was "exercised by way of trade for gain * * *."  The commission, therefore, properly found that claimant was injured in a workshop.

The appellate court judgment is accordingly affirmed.

                                        Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.